UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRE L. ROBERTSON,<br><br>           Plaintiff,<br><br>    v.<br><br>S. GUTIERREZ.,<br><br>           Defendant. | Case No. 2:24-cv-02034-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>**SCREENING ORDER**<br><br>FINDING THAT THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND GRANTING AN OPPORTUNITY TO AMEND<br><br>ECF No. 1 |

      Plaintiff, an inmate at the Stanislaus County Public Safety Center, brings this action against defendant Gutierrez, an operations sergeant at the facility. ECF No. 1 at 2. He alleges that this defendant allowed an inmate infected with the bacterium *Helicobacter pylori* to handle food for other inmates. *Id.* at 3. Plaintiff fails to state a cognizable claim, however, because he does not allege that he suffered any specific injury because of defendant's alleged failure to prevent the infected inmate from handling food. I will grant him leave to amend before recommending that this action be dismissed. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

1

**Screening Order**

**I.    Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that, in July 2024, he learned that another inmate, Marquis Drake, was allowed to handle other inmates' food despite being infected with the bacterium *Helicobacter pylori*. ECF No. 1. He filed a grievance concerning this issue and defendant Gutierrez responded by stating that he had "confirmed with medical staff that any such individuals do not have KP status." *Id.* at 3. Plaintiff claims that Gutierrez's response is belied by security camera footage that shows Drake handling food on July 11, 13, and 16. *Id.* Plaintiff does not, however, allege that he contracted any sickness or that he was otherwise physically injured by Drake's alleged handling of food. To sustain a Fourteenth Amendment conditions of confinement claim, a plaintiff must show that:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). Additionally, the denial of plaintiff's grievance, without more, does not give rise to a colorable claim against Gutierrez. *Rodriguez v. Moore*, No. 2:18-cv-1089-TLN-KJN P, 2018 U.S. Dist. LEXIS 108598, 2018 WL 3203131, at *3 (E.D. Cal. June 28, 2018) (pretrial detainee had no due process right to a grievance procedure).

I will grant plaintiff a final opportunity to amend before recommending dismissal of this action. Therein and if he can, he must address the deficiencies explained above. Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that this action be

1  dismissed.

2     2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3     3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    October 3, 2024                              _____
                                                       JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE